**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Jacksonville Division

**"SECOND AMENDED CIVIL RIGHTS COMPLAINT FORM"**

Kenneth W. Ford
DC#167315

(Enter full name of each Plaintiff and prison number, if applicable)

v.

Christopher Hayes, et. al.

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

**CASE NUMBER:** 3:15-cv-907-J-32 JRK
(To be supplied by Clerk's Office)

"SECOND AMENDED COMPLAINT"

FILED
2016 MAY 16 PM 2:47
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

SUWANNEE CORRECTIONAL INSTITUTION
Provided for Mailing
MAY 12 2016
On This Date
DEPT. OF CORRECTIONS

**ANSWER ALL OF THE FOLLOWING QUESTIONS:**

I. PLACE OF PRESENT CONFINEMENT: Suwannee Correctional Institution • 5964 U.S. Highway 90 • Live Oak, Florida 32060
(Indicate the name and location)

II. EXHAUSTION OF ADMINISTRATIVE REMEDIES: **Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

III. PREVIOUS LAWSUITS:

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

B. Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

Plaintiff(s): N/A

Defendant(s): N/A

2. Court (if federal court, name the district; if state court, name the county):

N/A

3. Docket Number: N/A

4. Name of judge: N/A

5. Briefly describe the facts and basis of the lawsuit: N/A

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): N/A

7. Approximate filing date: N/A

8. Approximate disposition date: N/A

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

identify these suits below by providing the case number, the style, and the disposition of each case: No, Plaintiff has never before filed a lawsuit

IV. PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: Kenneth Warren Ford

Mailing address: Suwannee Correctional Institution • 5964 U.S. Highway 90 • Live Oak, Florida 32060

B. Additional Plaintiffs: N/A

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Christopher Hayes

Mailing Address: 5964 U.S. Highway 90 • Live Oak, Florida 32060

Position: Correctional Officer

Employed at: Suwannee Correctional Institution

D. Defendant: David Alford

Mailing Address: 5964 U.S. Highway 90 • Live Oak, Florida 32060

Position: Correctional Officer

Employed at: Suwannee Correctional Institution

E. Defendant: Douglas Pope

Mailing Address: 5964 U.S. Highway 90 • Live Oak, Florida 32060

Position: Correctional Officer

Employed at: Suwannee Correctional Institution

F. Defendant: William Lynn

Mailing Address: 5964 U.S. Highway 90 • Live Oak, Florida 32060

Position: Correctional Officer

Employed at: Suwannee Correctional Institution

G. Defendant: James Rogers

Mailing Address: 5964 U.S. Highway 90 • Live Oak, Florida 32060

Position: Sergeant

Employed at: Suwannee Correctional Institution

Each defendant is sued in their individual capacity. All the defendants have acted, and continue to act, under color of state law at all times mentioned and relevant to this complaint.

## V. JURISDICTION

This Court has supplemental jurisdiction over Plaintiffs' state law tort claims under 28 U.S.C. §1367.

## VI. STATEMENT OF FACTS

1. On February 10, 2014, Plaintiff while incarcerated at Suwannee Correctional Institution on Close Management was assigned and housed to Echo Dormitory wing 3, cell 3216.
2. Around 8:00 am, mental health counselor J. Jones was conducting mental health rounds on the wing and, at that time, Plaintiff declared a psychological emergency to the counselor.
3. Defendants Hayes and Alford of E-Dormitory were assigned and appointed to observation of Plaintiff...
4. While standing at Plaintiffs' cell front, defendant Alford started probing into Plaintiffs' reasons for his emergency and, conviction and learned that he was convicted of offenses against a law enforcement officer.
5. Defendant Alford then became angered and, verbally threatened to beat him based on his emergency and criminal conviction...
6. Upon information and belief, Suwannee C.I. has a well-known abusive reputation on inmates, and a, "no free ride" policy in E-Dorm for declaring psyche emergencies which requires physical beatings, self-injurious behavior, and maliciously and sadistically administering chemical agents on inmates.
7. Plaintiff was ordered by defendants Hayes and Alford to submit to hand restraints under the false pretense that the counselor was ready to assess him.
8. Plaintiff was removed from the cell and escorted downstairs by the defendants where they placed leg irons, belly chain and a black box on the Plaintiff.
9. Plaintiff was then escorted outside the wing into the sally-port (off surveillance camera) by the defendants and, "without need" or "provocation", slammed Plaintiff face first onto the concrete floor.

10. Defendant's Hayes and Afford then pounced on top of the Plaintiff and began repeatedly striking the Plaintiff in the head, face, and mouth with clenched fist. Defendant Afford stated, "I told you no free rides" while repeatedly striking the plaintiff.

11. Plaintiff's front tooth was chipped, upper lip split open and swollen that caused bleeding laceration and permanent scarring, left and right eye swollen, nose bleeding, and several knots on the head.

12. As to the claim in paragraph 11, Plaintiff suffered headaches for months, light flashes, dizziness, syncope episodes and had to be treated for approx. 2½ yrs for mental distress including being diagnosed with Post Traumatic Stress Disorder and was prescribed psyche medication and pain medication.

13. Plaintiff front tooth had to be removed, eventually.

14. Plaintiff was then escorted to the triage to be examined medically by personnel.

15. Thereafter, Plaintiff was placed in the holding cell until Mental health counselor arrived to assess him.

16. Defendant Hayes, while escorting an inmate to S.H.O.S. (Self-Harm Observation Status) stopped in front of the holding cell and verbally taunted the plaintiff about the physical injuries to his face and lip

17. Moreover, the defendant threatened the other inmate to administer the same physical beating stated supra if he opened his mouth to anyone.

18. Plaintiff suffered humiliation and embarrassment with extremely low self-esteem as well as anger.

19. Plaintiff was then escorted from the holding cell, spoke to counselor Jones, and was placed in a S.H.O.S. cell.

20. Defendant Afford contributed empty food trays to the plaintiff.

21. On February 13, 2014, the Plaintiff was discharged from S.H.O.S. and was then reassigned to his original cell E3-216.

22. On February 14, 2014, Plaintiff was provided grievance forms by an inmate in the next cell E3-215 by sliding them underneath the cell door.

23. The plaintiff wrote several grievances pertaining to the absurd occurrence and returned them back to the inmate in cell E3-215 to be placed into the grievance box to preclude the risk of retaliation by the defendants.

24. Shortly thereafter, the grievances were collected.

25. Around 10:30am, the inmate in E3-215 was removed and escorted from his cell to attend a callout.

26. Defendant Pope, entered the inmates cell to conduct a random search and found one of Plaintiff's grievances which the inmate mistakenly forgot to turn in.
27. He then exited the cell and approached the plaintiffs' cell front and began to verbally threaten to administer corporal abuse for engaging in his protected right to redress the occurence, when he returned to work on February 19, 2014.
28. In addition, defendant Pope placed the inmate in cell #E3-215 on property restriction for assisting the Plaintiff.
29. On February 16, 2014, defendant Hayes approached Plaintiffs' cell after overhearing that Plaintiff was intending to file a lawsuit against him.
30. As to the claim in paragraph 29, defendant Hayes verbally threatened to administer corporal abuse again when he returned on February 19, 2014
31. Defendant Alford also verbally threatened to beat the Plaintiff from downstairs and intimidated him.
32. Both defendants humiliated and taunted plaintiff about the unprovoked beating on February 10, 2014.
33. On February 17, 2014, the Plaintiff declared a psychological emergency due to psychogenic issues and was placed on S.H.O.S. observation.
34. Plaintiff was then escorted to the shower where a strip search was conducted by defendant Pope.
35. Sexually harassing the Plaintiff, defendant Pope repeatedly ordered Plaintiff to grab both buttocks and spread them and an argument between defendant Pope and the Plaintiff ensued.
36. Plaintiff was removed from the shower and escorted to be evaluated by a mental health counselor.
37. After being assigned to S.H.O.S. cell E3-104, defendant Lynn upon escorting the Plaintiff to his cell accused Plaintiff of being in possession of postage stamps.
38. Plaintiff was returned back to the shower for another strip search.
39. Plaintiff refused defendants Pope order to be again sexually harassed and embarassed to spread his buttocks.
40. Plaintiff demanded to see the Sergeant to have him observe the strip search.
41. Defendant Pope then became angered by Plaintiff's statement and said, "I'm up to here with you now and my patience has ran out."
42. The Sergeant was apprized and present for the strip search; Plaintiff was then

removed from the shower and escorted to cell E3-104 by defendant Pope.

43. After being placed in the cell, defendant Pope attached a hand restraint cable to Plaintiff's handcuffs and began tugging and pulling forcefully with the restraint cable causing the handcuffs to dig, cut, and lacerate Plaintiff's wrist while repeatedly shouting, "stop resisting!"

44. Defendant Pope also reached inside his pocket to and retrieve a key like object while he shouted and sliced Plaintiff's left hand leaving 3 permanent scars.

45. Upon information and belief, the Florida Administrative Code which govern the Department of Corrections officers functions provide that all authorized and unauthorized use of force be reported and documented

46. Defendant Pope failed to carry out that task

47. On February 19, 2014, around 8:00am, defendant Lynn approached the Plaintiffs' cell front to escort him to an unknown callout.

48. Plaintiff refused to attend the callout due to fear of being physically beaten by defendant's Pope, Hayes, and Alford because it was the exact date asserted by them.

49. Defendant Lynn falsely asserted that Plaintiff couldn't refuse the callout and that defendant Pope was off duty

50. Plaintiff reluctantly complied with the order and submitted hand restraints and was issued a spitshield to cover his bruises and knots on his face, by defendant Lynn, due to the occurrence on february 10, 2014, while being escorted.

51. Plaintiff was given the spitshield to place on his face, and then placed in full restraints

52. Upon information and belief, the Florida Administrative Code prohibits an inmate from wearing an unauthorized spitshield and Plaintiff was not authorized.

53. Plaintiff was then escorted to his callout which was outside of E-Dormitory.

54. While returning from the callout, on the Medical Walkway, defendant Pope began taunting the Plaintiff by reminding him of the threats and physical abuse for writing grievances. The time was approx 10:30am

55. Out of fear and noticing a camera on the walkway, the Plaintiff dropped to the ground and commence to screaming for help; that defendant Pope was going to assault him off camera, in an attempt to be safeguarded

56. Sergeant Lindblade approached the occurrence and ordered the Plaintiff to get up.

57. Plaintiff then curled up on the ground expressing his fear of being violently beaten by defendant Pope off camera.

58. At this time, defendants Pope and Lynn grabbed and lifted the Plaintiff off the ground and began forcefully shoving his arms upward towards his neck area while twisting them against the restraints with great force from behind his back without need or provocation, while shoving him forward with force so extreme that it knocked Plaintiff out of his shower slides.

59. The force used by defendants Pope and Lynn caused the leg irons and handcuffs to tighten around his wrist and ankles which cut the Plaintiffs' wrist and ankles causing bleeding, swelling, and permanent scars. Plaintiff also experienced numbness in his right thumb area, his arms being twisted that far up towards his neck area caused severe long lasting chronic back and neck pain which the plaintiff is still receiving medication for.

60. On the walkway to E-Dormitory, defendant Pope grabbed Plaintiffs' leg iron chain and with the assistance of defendant Lynn lifted him off the ground and began to carry/drag him by the restraints while moving at a fast strut-like pace and causing further pain.

61. Upon arrival at E-dormitory, defendants Pope and Lynn forcefully shoved the plaintiff forward while continuing to twist his arms upward against the hand restraints causing them to cut into plaintiffs wrist and injure his back.

62. Defendants Rogers and Hayes became alerted by Plaintiffs constant screams of being in pain, both defendants stood casually observing the excessive use of force being administered on the Plaintiff, and failing to intervene to cease the misuse of force.

63. Defendants Pope and Lynn continued to forcefully escort the Plaintiff through the vestibule.

64. Upon approaching wing 4 entrance, and in the blind spotted area, both defendants Pope and Lynn counted to three and, lifted the plaintiff off the ground and slammed him face first onto the concrete floor causing him to flip over and land on his back.

65. Defendants Pope and Lynn then pounced on top of the Plaintiff and, with clenched fist, repeatedly punched him in the face and head until the spitshield was saturated with Plaintiffs' blood.

66. Plaintiff suffered injuries of: a lacerated right eyebrow which took sutures to close and leaving permanent scarring, 2 black eyes that were swollen, a bloody nose, a busted lip, neck and back pains, and other numerous contusions. He also experienced dizziness, blurred vision, light flashes, and syncope episodes; including being diagnosed with P.T.S.D. and treated for approx. 2½ yrs. for mental distress, ie., nightmares, flashbacks, etc. and was prescribed medication and pain medication.

67. Defendants Rogers and Hayes observed the whole occurrence and their failure, inaction and omissions to intervene caused the described injuries supra.

68. Plaintiff was then escorted to the triage for a use of force medical assessment.
69. The doctor inserted several sutures to the right eyebrow to close the laceration, and injected him with pain medication, and ordered that the Plaintiff be, should be scheduled for X-rays of his head and face.
70. On February 20, 2014, while Plaintiff was housed in E3-104, defendant Pope approached Plaintiff's cell front and told him that, if he continued not to file any grievances he would cease the physical beatings, however, if he was going to file and does, the beatings will continue. The time was approx 2:00pm
71. On February 21, 2014, the Plaintiff was transferred to Union Correctional Institution.

## VII. EXHAUSTION OF REMEDIES

The Plaintiff has exhausted all of his available administrative remedies with respect to all claims and all defendants.

## VIII. CLAIMS FOR RELIEF

The actions of defendants Hayes, Alford, Pope, Lynn, and Rogers in using force against the Plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

The actions of defendants Hayes, Alford, Pope, and Lynn in using physical force against the Plaintiff without need or provocation constituted the tort claims of assault and battery under the law of Florida.

The inaction and omissions of defendants Hayes, Alford, Pope, Lynn, and Rogers by their failure to intervene and, stop or cease the misuse of force caused the Plaintiff's aforementioned injuries supra; as well as his mental injuries of: emotional distress, flashbacks, light flashes, nightmares, syncope episodes, and being diagnosed with P.T.S.D. and treated with medications to help stabilize the Plaintiff constituted cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Const.

## IX. RELIEF REQUESTED

WHEREFORE, Plaintiff request that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The physical abuse of the Plaintiff by defendants Hayes, Alford, Pope, and Lynn violated the Plaintiffs' rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under Florida law;

B. Granting the Plaintiff monetary damages of:

1. Compensatory Damages against each defendant jointly and/or severally in their individual capacities
2. Punitive Damages against each defendant jointly and/or severally in their individual capacities
3. Nominal Damages against each defendant jointly and/or severally in their individual capacities.
4. Pain and Suffering Damages against each defendant jointly and/or severally in their individual capacities
5. Emotional Injuries Damages against each defendant jointly and/or severally in their individual capacities.
6. Plaintiff's cost in this suit and Attorney fees in the event Counsel is Appointed
7. Jury Trial Demanded
8. Any other relief this Court may deem appropiate, suitable, and just.

**Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 12th day of May, 2016

/S/ [signature]
Kenneth Ford DC#L67315
(Signature of all Plaintiffs)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been placed in the hands of officials at Suwannee Correctional Institution for mailing via U.S. Postal Mail to: Clerk of the Court, 300 North Hogan Street, Suite 9-150, Jacksonville, Florida 32202, on this 12th day of May, 2016.

/s/ [signature]

Kenneth Ford DC#167315
Suwannee Correctional Institution
5964 U.S. Highway 90
Live Oak, Florida 32060